1   Stuart M. Richter (CA 126231)
2   Andrew J. Demko (CA 247320)
    Paul A. Grammatico (CA 246380)
3   paul.grammatico@kattenlaw.com
    **KATTEN MUCHIN ROSENMAN LLP**
4   515 S. Flower St., Suite 1000
    Los Angeles, CA 90071-2212
5   Telephone:  213.443.9017
    Facsimile:   213.443.9001
6
7
8   Attorneys for defendant, Numerica Credit Union

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN THEW, individually and on behalf of all other similarly situated, | Case No. 5:19-cv-00312<br>Hon. Andre Birotte Jr. |
| Plaintiff, | **Defendant, Numerica Credit Union's Notice of Motion and Motion to Dismiss Complaint; Memorandum of Points and Authorities in Support** |
| v. | |
| NUMERICA CREDIT UNION, | **[Filed Concurrently with Declaration of J. Ulzheimer, Declaration of Karen Weis, and Proposed Order]** |
| Defendant. | Date:       July 19, 2019<br>Time:       10:00 a.m.<br>Place:      350 West First Street,<br>               Los Angeles, CA 90012<br>               Courtroom 7B |
| | Complaint Filed:     February 20, 2019 |

1

**To all parties and their counsel of record:**

2    **Please take notice** that on July 19, 2019, at 10:00 a.m., or as soon thereafter as

3    the matter may be heard, in the above-named court, located at 350 West First Street,

4    Los Angeles, CA 90012, Courtroom 7B, the Honorable Andre Birotte Jr. presiding,

5    defendant, Numerica Credit Union ("Numerica"), will and hereby does move,

6    pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6), for an

7    order dismissing the Complaint.

8    **This motion is made following the conference of counsel pursuant to**

9    **L.R. 7-3 which took place on June 5, 2019.** Numerica brings this motion on the

10   following grounds:

11          1.    The Complaint is subject to dismissal under F.R.C.P. 12(b)(2) because

12   Numerica has no contacts with California sufficient for the Court to exercise

13   jurisdiction;

14          2.    The Complaint is subject to dismissal under F.R.C.P. 12(b)(1) because

15   Plaintiff has suffered no injury in fact and, thus, lacks standing;

16          3.    Plaintiff's alleged claim under the California Consumer Credit Reporting

17   Agencies' Act ("CCRAA") should be dismissed pursuant to F.R.C.P. 12(b)(6) because

18   the claim is time-barred;

19          4.    Plaintiff's alleged claim under the CCRAA should be dismissed pursuant

20   to F.R.C.P. 12(b)(6) because Numerica did not furnish any inaccurate or misleading

21   information to a consumer reporting agency; and

22   //

23   //

24   //

25   //

26   //

27    //

28

MOTION TO DISMISS COMPLAINT

1      5.      Plaintiff's alleged claim under the CCRAA should be dismissed pursuant

2   to F.R.C.P. 12(b)(6) because Plaintiff has not pleaded (and cannot plead) damage.

3

4   Dated:  June 7, 2019                    **KATTEN MUCHIN ROSENMAN LLP**
                                            Stuart M. Richter
5                                           Andrew J. Demko
                                            Paul A. Grammatico
6

7

8                                           By: _____/s/Paul A. Grammatico_____
                                            Attorneys for defendant, Numerica Credit
9                                           Union

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    MOTION TO DISMISS COMPLAINT

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION. ................................................................................. 1

II.   RELEVANT FACTS AND ALLEGATIONS. ......................................... 2

III.  THE COMPLAINT SHOULD BE DISMISSED UNDER F.R.C.P.
      12(B)(2) BECAUSE THE COURT LACKS PERSONAL
      JURISDICITON OVER NUMERICA. ..................................................... 3

      A.    Standard for Moving to Dismiss under FRCP 12(b)(2) ..................... 3

      B.    Numerica is not Subject to General Jurisdiction in California. ............ 4

      C.    Numerica is not Subject to Specific Jurisdiction with Regard to
            the CCRAA Claim. ....................................................................... 4

IV.   THE COMPLAINT SHOULD BE DISMISSED UNDER F.R.C.P.
      12(B)(1) BECAUSE PLAINTIFF LACKS ARTICLE III STANDING. ........ 5

V.    THE COMPLAINT SHOULD BE DISMISSED UNDER F.R.C.P.
      12(B)(6) BECAUSE PLAINTIFF FAILS TO ALLEGE A CLAIM
      UNDER THE CCRAA. ........................................................................ 8

      A.    Legal Standard. ........................................................................... 8

      B.    The Claim is Time-Barred. ............................................................ 9

      C.    The Claim Fails because Numerica did not Furnish any Inaccurate
            Information. 10

      D.    The Claim Fails because Plaintiff does not Plead and Cannot Plead
            Damage.    12

V.    CONCLUSION. ................................................................................. 13

MOTION TO DISMISS COMPLAINT

1

## **TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Cases**

4

5

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)...................................................................8, 9

6

7

*Banga v. Chevron,*
    No. C–11–01498 JCS, 2013 WL 71772 (N.D. Cal. Jan. 7, 2013) ......................12

8

*Banga v. Equifax Info. Servs., LLC,*
    473 Fed. Appx. 712 (9th Cir. 2012) ................................................10

9

10

*Barakat v. Equifax Info. Servs., LLC,*
    No. 16-10718, 2017 WL 3720439 (E.D. Mich. Aug. 29, 2017) .........................11

11

12

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)...................................................................8, 9

13

14

*Carvalho v. Equifax Inf. Serv.,*
    LLC, 629 F. 3d 876 (9th Cir. 2010) ...............................................10

15

16

*Connor v. First Student, Inc.,*
    5 Cal. 5th 1026, 1037-38 (2018).....................................................12

17

*Daimler AG v. Bauman,*
    571 U.S. 117 (2014).......................................................................4

18

19

*Devincenzi v. Experian Info. Sols., Inc.,*
    No. 16-CV-04628-LHK, 2017 WL 86131 ............................................10

20

21

*Does v. Boies, Schiller & Flexner, LLP,*
    709 Fed. App'x 684 (11th Cir. 2017) ...............................................6

22

23

*Dreher v. Experian Info. Sols., Inc.,*
    856 F.3d 337 (4th Cir. 2017) .............................................................6

24

25

*Duarte v. J.P. Morgan Chase Bank,*
    No. CV 13-1105-GHK, 2014 WL 12561052 (C.D. Cal. Apr. 7, 2014) .................................................................................12

26

27

*Fireman's Fund Ins. Co. v. National Bank of Cooperative,*
    103 F.3d 888 (9th Cir. 1996) ............................................................3

28

ii

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915 (2011)......................................................................................4

*Gordy v. Daily News, L.P*
    ., 95 F.3d 829 (9th Cir. 1996) ....................................................................3

*Gorman v. Wolpoff & Abramson, LLP*,
    584 F.3d 1147 (9th Cir. 2009) ..................................................................10

*Helicopteros Nacionales de Colombia, S. A. v. Hall*,
    466 U.S. 408 (1984)....................................................................................4

*Huizar v. Wells Fargo Bank, N.A.*,
    257 F.Supp.3d 1109 (E.D. Cal. 2017) ........................................................9

*International Shoe Co. v. Washington*,
    326 U.S. 310 (1945)....................................................................................4

*Jaras v. Equifax Inc.*,
    2019 WL 1373198 (9th Cir. Mar. 25, 2019) ...............................................7

*Lindsey v. Experian Info. Sols., Inc.*,
    No. 2:15-cv-02353-AKK, 2017 WL 412889 (ND. Ala. Jan. 31,
    2017) ...........................................................................................................6

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992).....................................................................................5

*Mejia v. Bank of America*,
    No. EDCV 18-1853 .................................................................................8, 11

*Muehlenberg v. Experian Info. Sols., Inc.*,
    No. 17-cv-00392-WHO, 2017 WL 6622837 (N.D. Cal. Dec. 28,
    2017) .........................................................................................................11

*Pacific Atlantic Trading Co. v. M/V Main Express*,
    758 F.2d 1325 (9th Cir. 1985) ....................................................................3

*Rio Props., Inc. v. Rio Int'l Interlink*,
    284 F.3d 1007 (9th Cir. 2002) ....................................................................3

*Robbins v. CitiMortgage, Inc.*,
    No. 16-CV-02732-LHK, 2017 WL 6513662 (N.D. Cal. Dec. 20,
    2017) ...........................................................................................................9

iii

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*,
   806 F.2d 1393 (9th Cir. 1986) ................................................................. 9

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004) ................................................................. 5

*Shaw v. Equifax Info. Sols., Inc.*,
   204 F. Supp.3d 956 (E.D. Mich. 2016) ................................................ 11

*Spokeo, Inc. v. Robins*,
   136 S. Ct. 1540 (2016) ................................................................. 5, 6, 7

*Tilly v. Global Payments, Inc.*,
   603 F.Supp.2d 1314 (D. Kan. 2009) .................................................... 10

*Torion v. JPMorgan Chase Bank, National Association*,
   No. 17-cv-00422-PJH, 2017 WL 2986250 (N.D. Cal. July 13,
   2017) ...................................................................................... 11

*Trujillo v. First American Registry, Inc.*,
   157 Cal. App. 4th 628 ................................................................ 1, 10, 12

*Warren v. Fox Family Worldwide, Inc.*,
   328 F.3d 1136 (9th Cir. 2003) .............................................................. 9

*White v. Lee*,
   227 F.3d 1214 (9th Cir. 2000) .............................................................. 1

*Whitmore v. Ark.*,
   495 U.S. 149 (1990) ............................................................................. 6

*Williams v. Nichols Demos, Inc.*,
   No. 5:17-cv-07101-EJD, 2018 WL 3046507 (N.D. Cal. June 20,
   2018) ..................................................................................... 5, 6

**Statutes**

Cal. Civ. Code § 1785.25(a) ...................................................................... 9, 10

Cal. Civ. Code § 1785.33 ............................................................................... 9

California Consumer Credit Reporting Agencies Act .................................... 1

CCRAA .......................................................................................... *passim*

FCRA ................................................................................................. 11

**Other Authorities**

F.R.C.P. 12(B)(1)...................................................................................5

F.R.C.P. 12(B)(2)................................................................................3, 13

F.R.C.P. 12(B)(6)................................................................................8, 13

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION.

In his class action complaint, Nathan Thew ("Plaintiff") alleges a single claim under the California Consumer Credit Reporting Agencies Act ("CCRAA"). He contends Numerica Credit Union ("Numerica") violated the CCRAA by inaccurately reporting scheduled payments on a series of accounts that were paid and closed in 2007 and 2009. Put another way, Plaintiff is not complaining that the reported debts were not owed or that there is an inaccurate balance or delinquency (*e.g.*, items that might actually affect his credit)—he contends that the monthly payment field, which shows the amount of his prior monthly payment, should have been marked "$0" or "NA" *after* the accounts were designated as paid and closed. He claims this will cause a prospective lender to believe him less credit worthy because, even after seeing that the account has been paid and closed with a $0 balance, the lender may somehow be duped into thinking money is still owed by seeing what the monthly payment amount *was*. For the reasons set forth below, Plaintiff's complaint should be dismissed.

*First*, the Court lacks personal jurisdiction over Numerica because Numerica has no connection whatsoever to California, and the conduct in question occurred in Washington.

*Second*, Plaintiff has no Article III standing because he did not suffer an injury in fact as a result of Numerica's alleged conduct. As is made clear by the supporting declaration of credit reporting expert J. Ulzheimer, showing historical monthly payment amounts for loans that were clearly reported as paid off cannot and did not cause damage to Plaintiff's "credit worthiness."[1]

*Third*, putting aside the jurisdictional defects, the claim itself is time-barred by the seven-year statute of limitations because the alleged improper reporting occurred, at the latest, in 2009.

---

[1]    The Court may consider extrinsic evidence when deciding on a 12(b)(1) motion to dismiss the complaint for lack of subject matter jurisdiction. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

*Fourth*, Plaintiff's inaccurate reporting allegations are insufficient as a matter of law under the CCRAA because the challenged reporting cannot plausibly be expected to adversely affect credit decisions.

*Finally*, Plaintiff has failed to plead (and cannot plead) any damages that resulted from the alleged inaccurate reporting, a required element of a CCRAA claim.

For all of these reasons, the Court should dismiss this case without leave to amend.

## II.    RELEVANT FACTS AND ALLEGATIONS.

Numerica is a credit union based in Washington with no connections to California. *See* Dec. of Weis, ¶¶ 1-10. At some unspecified point in time, Plaintiff owed a debt (or debts) to Numerica and he thereafter paid them off. Compl., ¶ 17. Although Plaintiff only identifies one account number (beginning with 558742), he contends that Numerica was reporting that a series of accounts were "paid and closed" but also indicated scheduled payments. *See id.*, ¶ 19. All of the purported accounts identified by Plaintiff were closed in 2007 or 2009, with the latest one closed in June of 2009. *Id.*, ¶ 19. Plaintiff contends that because these accounts were paid off and closed, the "scheduled monthly payment[s]" should have been marked with a $0 or "NA." *Id.*, ¶ 20. He says this damaged his creditworthiness. *Id.*, ¶¶ 22, 33-34. However, he gives no specific example of any occasion in which he was actually denied credit or otherwise had a credit decision affected—despite the fact that this reporting has apparently appeared on his credit report since (at least) June 2009.

In support of this motion, Numerica has submitted the declaration of J. Ulzheimer, an expert on credit reporting. According to Mr. Ulzheimer, Plaintiff's allegation that his credit has been affected is not true; the monthly payment field he complains of is simply not considered in any credit scoring metric. Ulzheimer Decl., ¶ 6. Accordingly, any purported inaccuracy in the monthly payment field did not affect any of Plaintiff's credit decisions. *Id.* Further, "any competent lender would rightly interpret [Numerica's] credit reporting as meaning the consumer associated

2

1    with the closed account(s) does not have a balance due, or access to use the line or

2    loan and therefore cannot incur debt or a monthly payment obligation to Numerica on

3    the closed account(s)." *Id.*, ¶ 12.

4    **III.    THE COMPLAINT SHOULD BE DISMISSED UNDER F.R.C.P.**

5            **12(B)(2) BECAUSE THE COURT LACKS PERSONAL**

6            **JURISDICITON OVER NUMERICA.**

7            **A.    Standard for Moving to Dismiss under FRCP 12(b)(2).**

8            A defendant may move to dismiss a complaint for lack of personal

9    jurisdiction under Federal Rule of Civil Procedure 12(b)(2). "Although the

10   defendant is the moving party on a motion to dismiss [for lack of personal

11   jurisdiction], the plaintiff bears the burden of establishing that jurisdiction exists."

12   *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). Whether a

13   federal court may exercise personal jurisdiction over a non-resident defendant

14   turns on two independent considerations: whether an applicable state rule or

15   statute permits service of process on the defendant, and whether the assertion of

16   personal jurisdiction comports with constitutional due process principles. *See*

17   *Pacific Atlantic Trading Co. v. M/V Main Express*, 758 F.2d 1325, 1327 (9th Cir.

18   1985).

19           California's long-arm statute extends jurisdiction to the limits of

20   constitutional due process. *See Gordy v. Daily News, L.P.*, 95 F.3d 829, 831 (9th Cir.

21   1996). Consequently, when service of process has been effected under California

22   law, the two prongs of the jurisdictional analysis collapse into one—whether the

23   exercise of jurisdiction over the defendant comports with due process. *See*

24   *Fireman's Fund Ins. Co. v. National Bank of Cooperative*, 103 F.3d 888, 893 (9th Cir.

25   1996).

26           The Fourteenth Amendment's Due Process Clause permits courts to

27   exercise personal jurisdiction over a defendant with sufficient "minimum

28   contacts" with the forum state such that "maintenance of the suit does not offend

3

traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, (1945). There are two recognized bases for personal jurisdiction over nonresident defendants: (1) "general jurisdiction," which arises where the defendant's activities in the forum state are sufficiently "substantial" or "continuous and systematic" to justify the exercise of jurisdiction over him in all matters; and (2) "specific jurisdiction," which arises when a defendant's specific contacts with the forum have given rise to the claim in question. *See Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U.S. 408, 414-16 (1984).

**B.      Numerica is not Subject to General Jurisdiction in California.**

General or all-purpose jurisdiction over a corporation allows a court "'to hear any and all claims against [the corporation].'" *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Absent exceptional circumstances, a corporation will only be amenable to all-purpose jurisdiction at its place of incorporation and principal place of business; substantial, continuous, and systematic business in a particular state are insufficient. *Daimler AG*, 571 U.S. at 137-139 ("It is one thing to hold a corporation answerable for operations in the forum State . . . quite another to expose it to suit on claims having no connection whatever to the forum State.").

Here, Numerica is chartered in Washington and its principal place of business is in Washington. Dec. of Weis, ¶¶ 2-4. It does not direct any of its business to California and has no connections there. *Id.*, ¶¶ 2-10. Accordingly, Numerica is not subject to general jurisdiction in California.

**C.      Numerica is not Subject to Specific Jurisdiction with Regard to the CCRAA Claim.**

The Ninth Circuit has developed a three-part test for assessing the exercise of specific personal jurisdiction over a party: (1) the non-resident defendant must purposefully direct its activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself

4

1  of the privilege of conducting activities in the forum, thereby invoking the

2  benefits and protections of its laws; (2) the claim must be one which arises out of

3  or relates to the defendant's forum-related activities; and (3) the exercise of

4  jurisdiction must comport with fair play and substantial justice (*i.e.*, it must be

5  reasonable). *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir.

6  2004). "The plaintiff bears the burden of satisfying the first two prongs of the test

7  . . . If the plaintiff succeeds in satisfying both of the first two prongs, the burden

8  then shifts to the defendant to 'present a compelling case' that the exercise of

9  jurisdiction would not be reasonable." *Id.* at 802.

10       Here, Plaintiff cannot establish either of the first two prongs of the test. As

11  set forth in the declaration of Karen Weis, Numerica does not do any business in

12  California or direct any of its activities there. Dec. of Weis, ¶¶ 2-9. Moreover, the

13  purported act that Plaintiff is complaining of, credit reporting, involves acts that

14  took place entirely in the state of Washington. *Id.*, ¶ 10. Accordingly, there is no

15  basis here for the Court to exercise specific jurisdiction over the CCRAA claim.

16  **IV.     THE COMPLAINT SHOULD BE DISMISSED UNDER F.R.C.P.**

17       **12(B)(1) BECAUSE PLAINTIFF LACKS ARTICLE III STANDING.**

18       A plaintiff must have standing for this Court to have jurisdiction under

19  Article III of the Constitution. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560

20  (1992) ("[T]he core component of standing is an essential and unchanging part of

21  the case-or-controversy requirement of Article III."). To adequately plead Article

22  III standing, a plaintiff must allege: (1) that he "suffered an injury in fact, (2) that

23  is fairly traceable to the challenged conduct of the defendant, and (3) that is likely

24  to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct.

25  1540, 1547 (2016)). "At the pleading stage, the plaintiff must clearly allege facts

26  demonstrating each element." *Williams v. Nichols Demos, Inc.*, No. 5:17-cv-07101-

27  EJD, 2018 WL 3046507, at *3 (N.D. Cal. June 20, 2018).

28

1    "The injury-in-fact requirement requires a plaintiff to allege an injury that is
2    both 'concrete and particularized' and 'actual or imminent, not conjectural or
3    hypothetical.'" *Id.* (quoting *Spokeo*, 136 S. Ct. at 1548). "When we have used the
4    adjective 'concrete,' we have meant to convey the usual meaning of the term—
5    'real,' and not 'abstract.' Concreteness, therefore, is quite different from
6    particularization" *Spokeo*, 136 S. Ct. at 1548. "Mere '[a]llegations of possible future
7    injury' will not establish an injury in fact." *Does v. Boies, Schiller & Flexner, LLP*,
8    709 Fed. App'x 684, 686 (11th Cir. 2017) (quoting *Whitmore v. Ark.*, 495 U.S. 149,
9    158 (1990)). "Indeed, a threatened injury must be certainly impending to
10   constitute an injury in fact." *Id.* (internal quotations omitted). In the context of
11   credit reporting, the Supreme Court has recognized that perceived inaccuracies
12   that actually have no impact on a Plaintiff's credit report will not constitute
13   concrete harm. *Spokeo*, 136 S. Ct. at 1550 ("[N]ot all inaccuracies cause harm or
14   present any material risk of harm . . . It is difficult to imagine how the
15   dissemination of an incorrect zip code, without more, could work any concrete
16   harm.").

17        Here, Plaintiff fails to allege how the alleged inaccurate reporting caused a
18   concrete injury; instead, he alleges that a potential lender may be confused by the
19   appearance of the credit report and think he owes more payments on these
20   accounts even though the accounts are all being reported as "paid and closed." *See*
21   Compl, ¶¶19-22. Because the accounts in question were all closed at the latest a
22   decade ago, it would follow that Plaintiff could point to some particular credit
23   decision, application, or incident that was affected by the alleged erroneous
24   reporting. Plaintiff does not and cannot because no such injury occurred or is
25   even possible. Accordingly, the Complaint should be dismissed pursuant to
26   12(b)(1). *See Dreher v. Experian Info. Sols., Inc.*, 856 F.3d 337, 437 (4th Cir. 2017)
27   (dismissing claim where plaintiff failed to demonstrate how alleged inaccuracy
28   adversely affected his conduct); *Lindsey v. Experian Info. Sols., Inc.*, No. 2:15-cv-

1   02353-AKK, 2017 WL 412889, at *4 (ND. Ala. Jan. 31, 2017) (To have standing

2   to assert a claim, a plaintiff "must present evidence, at a minimum, that a third

3   party requested or received one of his credit reports" that contained the alleged

4   inaccuracy).

5       This is precisely the kind of "bare procedural violation" the Supreme Court

6   advised in *Spokeo* would fail to establish standing. 136 S. Ct. at 1549. In *Spokeo*, the

7   Supreme Court noted that an item that would have no actual impact on a

8   consumer's credit and thus no risk of concrete harm, such as an incorrect zip

9   code, cannot establish standing. *Id.* at 1550. Here, the Court is presented with a

10  similar situation because an incorrect zip code would have the same impact on the

11  Plaintiff's creditworthiness as the supposed inaccuracy alleged here—*none. See Jaras*

12  *v. Equifax Inc.*, 2019 WL 1373198, at *2 (9th Cir. Mar. 25, 2019) (finding CCRAA

13  plaintiffs lacked standing because "[they] do not make any allegations about how

14  the alleged misstatements in their credit reports would affect any transaction they

15  tried to enter or plan to try to enter—and it is not obvious that they would, given

16  that Plaintiffs' bankruptcies themselves cause them to have lower credit scores

17  with or without the alleged misstatements. They have therefore said nothing that

18  would distinguish the alleged misstatements here from the inaccurate zip code

19  example discussed by the Supreme Court in *Spokeo*.").

20      Even if he were to be given leave to amend (which should not be allowed

21  because the Court lacks jurisdiction), Plaintiff cannot make the requisite

22  allegations to establish standing in good faith. As pointed out by credit reporting

23  expert John Ulzheimer, the field on the credit report that Plaintiff contends is

24  inaccurate (monthly payment amount) is not something that would be considered

25  in credit scoring systems:

26      The Scheduled Monthly Payment is a credit reporting field found in

27      the industry standard Metro 2 credit reporting language. However,
        that field is not a scored value in either FICO or VantageScore's

28      credit scoring systems, which collectively represent almost 100% of

the credit scoring market in the United States. As such, the Plaintiff's credit scores were not and could not have been negatively impacted by Numerica's credit reporting of a Scheduled Monthly Payment amount. In fact, nobody's credit scores are negatively, or positively, impacted by the Scheduled Monthly Payment amount field.

Dec. of Ulzheimer, ¶ 6.

As a result, it is not possible that a perceived inaccuracy in the monthly payment field affected any of Plaintiff's credit decisions. *See id.*; *Mejia v. Bank of America*, No. EDCV 18-1853 JGB (KKx), Slip Op. at *7-8 (C.D. Cal Jan. 2, 2019) (credit reporting is not inaccurate or misleading where "potential creditor would naturally understand the reporting to mean the account had previously been delinquent with a scheduled payment amount, but is no longer being collected.").[2] Moreover, "any competent lender would rightly interpret [Numerica's] credit reporting as meaning the consumer associated with the closed account(s) does not have a balance due, or access to use the line or loan and therefore cannot incur debt or a monthly payment obligation to Numerica on the closed account(s). Dec. of Ulzheimer, ¶ 12. And finally, the monthly payment amount field is neutral information—it is not considered positive or negative. *Id.*, ¶ 16. Because Plaintiff cannot allege that he suffered any damage as a result of what amounts to at most a technical inaccuracy, he lacks standing under 12(b)(1) to bring this claim.

## V. THE COMPLAINT SHOULD BE DISMISSED UNDER F.R.C.P. 12(B)(6) BECAUSE PLAINTIFF FAILS TO ALLEGE A CLAIM UNDER THE CCRAA.

### A. Legal Standard.

Under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" when the plaintiff pleads "factual content that allows the court to draw the reasonable inference

---

[2]    Defendant could not locate a Westlaw or LexisNexis citation for this decision. For the convenience of the Court, a true and correct copy is attached as Exhibit A to this motion.

1  that the defendant is liable for the misconduct alleged." *Iqbal* at 663. A "plaintiff's
2  obligation to provide the 'grounds' for his 'entitlement to relief' requires more than
3  labels and conclusions, and a formulaic recitation of the elements of a cause of action
4  will not do." *Twombly*, 550 U.S. at 545. "Factual allegations must be enough to raise a
5  right to relief above the speculative level on the assumption that all of the complaint's
6  allegations are true." *Id*; *see also Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139
7  (9th Cir. 2003) (""[w]e do not . . . necessarily assume the truth of legal conclusions
8  merely because they are cast in the form of factual allegations."" (citation omitted)).
9  Leave to amend may be denied when the court determines that the "allegation of other
10  facts consistent with the challenged pleading could not possibly cure the deficiency."
11  *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

12  **B.    The Claim is Time-Barred.**

13      To assert a claim under the CCRAA, the Plaintiff must allege "that
14  (1) Defendant is a "person" under the CCRAA, (2) Defendant reported information to
15  a CRA, (3) the information reported was inaccurate, (4) Plaintiff was harmed, and (5)
16  Defendant knew or should have known the information was inaccurate." *Robbins v.*
17  *CitiMortgage, Inc.*, No. 16-CV-02732-LHK, 2017 WL 6513662, at *14 (N.D. Cal. Dec.
18  20, 2017), *see* Cal. Civ. Code § 1785.25(a). "An action for a violation of the CCRAA
19  'may be brought . . . within two years from the date the plaintiff knew of, or should
20  have known of, the violation of this title, but not more than seven years from the
21  earliest date on which liability could have arisen."" *Huizar v. Wells Fargo Bank, N.A.*,
22  257 F.Supp.3d 1109, 1109 (E.D. Cal. 2017), *see* Cal. Civ. Code § 1785.33.

23      Plaintiff filed this case on February 20, 2019. He claims that he discovered the
24  alleged inaccurate reporting on February 21 and 22, 2017—a day or two before the
25  limitations bar. Creative pleading aside, however, he cannot avoid the seven year
26  maximum limitations/repose period. Plaintiff admits his loans were paid off, at the
27  latest, in June 2009. That is the first date the allegedly inaccurate information—that the
28  loan was paid off but no correction was made for the monthly payment amount—was

reported to a credit bureau.[3] *See Compl.,* ¶ 19. Since the loans were paid off by this time, there would have been no additional reporting after June of 2009. Thus, because the earliest date potential liability could have arisen was June 2009, which is ten years before Plaintiff filed this case, the claim is time-barred. *See Banga v. Equifax Info. Servs., LLC,* 473 Fed. Appx. 712, 713 (9th Cir. 2012) (CCRAA claim must be brought "no more than seven years after the earliest violation[.]").

### C.    The Claim Fails because Numerica did not Furnish any Inaccurate Information.

Under the CCRAA, a plaintiff must establish that credit reporting is either patently incorrect or "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.' *Carvalho v. Equifax Inf. Serv.,* LLC, 629 F. 3d 876, 890 (9th Cir. 2010) (internal quotations omitted). In determining the accuracy of consumer credit reports, courts have viewed accounts in their entirety, rather than focusing on a single field complained of by a plaintiff. For example, courts in the Central District have repeatedly held that it is not misleading or inaccurate to report delinquent debts during the pendency of a bankruptcy proceeding prior to the discharge of the debts. *E.g., Devincenzi v. Experian Info. Sols., Inc.,* No. 16-CV-04628-LHK, 2017 WL 86131, at *5-6 (N.D. Cal. Jan. 10, 2017 (collecting cases).

Here, Plaintiff focuses on the monthly payment amount field. Because the monthly payment appears on his closed account, Plaintiff claims his credit report is inaccurate for purposes of the CCRAA. It is not. *First,* Plaintiff fails to consider the other components of the credit report that would clarify the monthly payment information. In particular, Plaintiff admits that all of the relevant accounts are

---

[3]    California Civil Code section 1785.25(a) concerns duties placed on furnishers of credit information, such as Numerica. *See Gorman v. Wolpoff & Abramson, LLP,* 584 F.3d 1147, 1171 (9th Cir. 2009). ). A furnisher is "an entity which transmits information concerning a particular debt owed by a particular consumer to consumer reporting agencies [e.g., Trans Union, Experian, and Equifax]." *Tilly v. Global Payments, Inc.,* 603 F.Supp.2d 1314, 1322 (D. Kan. 2009).

MOTION TO DISMISS COMPLAINT

1   being reported as "paid and closed," meaning there is no pending balance being
2   reported. The fact that the historical amount of the payment is observable from
3   the report does not change the fact that the accounts are being reported as "paid
4   and closed." There is no inconsistency here and no confusion. *See Mejia*, No.
5   EDCV 18-1853 JGB (KKx), at \*7-8 (C.D. Cal Jan. 2, 2019) (enclosed as Ex. A)
6   (credit reporting is not inaccurate or misleading where "potential creditor would
7   naturally understand the reporting to mean the account had previously been
8   delinquent with a scheduled payment amount, but is no longer being collected.");
9   *Muehlenberg v. Experian Info. Sols., Inc.*, No. 17-cv-00392-WHO, 2017 WL 6622837,
10  at \*4 (N.D. Cal. Dec. 28, 2017) (motion to dismiss granted where credit report not
11  misleading when reviewed in context); *Torion v. JPMorgan Chase Bank, National*
12  *Association*, No. 17-cv-00422-PJH, 2017 WL 2986250, at \*6 (N.D. Cal. July 13,
13  2017) ("[W]hen read in context, this reporting is not misleading because the
14  bankruptcy is clearly disclosed elsewhere in the credit report. This eliminates the
15  possibility that a lender would be misled by the reporting.").

16      *Second*, Plaintiff's alleged subjective belief that there is some theoretical
17  possibility that a creditor might be misled is insufficient to state a claim. *See Shaw*
18  *v. Equifax Info. Sols., Inc.*, 204 F. Supp.3d 956, 961 (E.D. Mich. 2016) ("[A]
19  personal opinion such as Plaintiff's constitutes 'mere speculation that the notation
20  was misleading' and is insufficient to support a claim of inaccuracy under the
21  FCRA."); *Barakat v. Equifax Info. Servs., LLC*, No. 16-10718, 2017 WL 3720439, at
22  \*3 (E.D. Mich. Aug. 29, 2017) ("Courts have repeatedly held that the personal
23  opinion is 'mere speculation that the notation was misleading' and is therefore
24  insufficient to support a claim of inaccuracy under the FCRA."). Because there is
25  no inaccuracy beyond Plaintiff's misguided and untrained perception, he has no
26  claim.

27

28

**D.    The Claim Fails because Plaintiff does not Plead and Cannot Plead Damage.**

A claim under the CCRAA requires that Plaintiff "suffered actual damages caused by" the credit furnisher. *E.g., Banga v. Chevron*, No. C–11–01498 JCS, 2013 WL 71772, at *14 (N.D. Cal. Jan. 7, 2013); *Trujillo v. First American Registry, Inc.*, 157 Cal. App. 4th 628, 637–639 (affirming summary adjudication on CCRAA claim where plaintiffs failed to raise a triable issue as to whether they suffered any damages as a result of a violation of the CCRAA; absent actual damages, a CCRAA claim fails as a matter of law) (*disapproved of on other grounds* in *Connor v. First Student, Inc.*, 5 Cal. 5th 1026, 1037-38 (2018); *Duarte v. J.P. Morgan Chase Bank*, No. CV 13-1105-GHK (MANx), 2014 WL 12561052, at *3 (C.D. Cal. Apr. 7, 2014) ("The California Court of Appeal has made clear that actual damage is properly construed as either an element of a CCRAA cause of action or a prerequisite to standing.").

Here, as pointed out in Section III, *supra*, Plaintiff fails to allege how the alleged inaccurate reporting caused any damages; instead, he makes the conclusory and purely speculative allegation that a potential lender **may** be confused by the appearance of the credit report. *See* Compl, ¶¶19-22. This is insufficient. "Actual damage, not 'inherent harm,' is required to state a CCRAA cause of action." *Trujillo*, 157 Cal. App. 4th at 637.

//
//
//
//
//
//
//
//

12

1

## V.    CONCLUSION.

The case must be dismissed pursuant to Rule 12(b)(2) because the Court lacks personal jurisdiction over Numerica and pursuant to 12(b)(1) because Plaintiff lacks standing, depriving the Court of subject matter jurisdiction. Even if jurisdiction existed, Plaintiff has failed to state a claim under the CCRAA and the Complaint therefore should be dismissed pursuant to Rule 12(b)(6).


Dated:  June 7, 2019                         **KATTEN MUCHIN ROSENMAN LLP**
                                              Stuart M. Richter
                                              Andrew J. Demko
                                              Paul A. Grammatico


                                              By: _____/s/Paul A. Grammatico_____
                                              Attorneys for defendant, Numerica Credit
                                              Union

MOTION TO DISMISS COMPLAINT